**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-0255-WJM-KLM

SWEET PICKLE, INC., and
TIMOTHY WAISS,

      Plaintiffs,

v.

QFA ROYALTIES, LLC,
QUIZNO'S FRANCHISING II LLC,
QCE FINANCE LLC, f/k/a QCE PARENT LLC,
QUIZNO'S MASTER LLC,
QIP HOLDER LLC,
TQSC II LLC f/k/a TQSC LLC,
QCE HOLDING LLC,
QZ FINANCE LLC,
QCE INCENTIVE LLC,
QCE LLC,
QUIZNOS FINANCE LLC,
QAFT, INC.,
AMERICAN FOOD DISTRIBUTORS LLC,
SOURCE ONE DISTRIBUTION LLC f/k/a/ NATIONAL RESTAURANT SUPPLY
DISTRIBUTION LLC,
S&S EQUIPMENT COMPANY LLC,
BA-BING! LLC f/k/a SOURCE ONE SYSTEMS LLC,
CHAIN MANAGEMENT SYSTEMS LLC,
KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. FULFILLMENT LLC,
CONTINENTAL LENDING GROUP LLC,
CLG LEASING LLC,
CERVANTES HOLDING COMPANY, THE,
CERVANTES CAPITAL LLC,
CERVANTES MASTER LLC,
RICHARD E. SCHADEN,
RICHARD F. SCHADEN, and
PATRICK E. MEYERS,

      Defendants.

---

## ORDER *SUA SPONTE* REMANDING CASE

---

This matter is before the Court *sua sponte* on Defendants' Notice of Removal (the "Notice"). (ECF No. 1.)  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Notice states that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  (ECF No. 1 at 2.)  Defendants acknowledge that "Plaintiffs' Complaint does not explicitly assert a federal cause of action", but allege that the Court has jurisdiction "because Plaintiffs' state law claims raise substantial federal questions." (*Id*.)  Specifically, Defendants contend that all of Plaintiffs' state law claims are based on a Uniform Offering Circular which is required by federal law.  (*Id*. at 3-4.) Defendants allege that "[a]ny challenge to the quality of Quiznos' pre-sale disclosures, complaints regarding the UFOC or FDD, and claims that Quiznos failed to disclose material information implicates federal law."  (*Id*. at 5.)

In cases that are nearly identical to this action, at least two judges in this District have explicitly rejected Defendants' arguments and found that this Federal Court lacks subject matter jurisdiction over these franchisee/frachisor disputes.  Given the thorough analysis provided by United States District Judges Marcia S. Krieger and Philip A.

Brimmer, the Court finds it unnecessary to write a lengthy opinion about why it lacks

jurisdiction over this action.  Rather, the Court explicitly adopts the reasoning set forth

by Judge Marcia S. Krieger in *Viadeli, Inc., et al. v. QFA Royalties LLC, et al*, Case No.

13-cv-264-MSK and Judge Philip A. Brimmer in *Ranjer Foods LC v. QFA Royalties*

*LLC, et al.*, Case No. 13-cv-256-PAB, 2013 WL 489160 (D. Colo. Feb. 8, 2013).

The party invoking federal jurisdiction—here, the Defendants—bears the burden

of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.

2002).  For the reasons set forth in *Viadeli* and *Ranjer*, the Court finds that Defendants

have failed to meet their burden and that this case must be remanded. See

*Cunningham*, 427 F.3d at 1245 (court must remand where jurisdiction not established).

Accordingly, the Court ORDERS that the above-captioned action is REMANDED

to the District Court for the City and County of Denver, Colorado.

Dated this 12th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge